## Lesser Franklin v. James A. McDonald, The Loan and Investment Company, of North America, and R. S. Tuthill, Trustee.

1. ESTOPPEL—*By the Acts of a Person.*—Where one is induced by another to occupy a position he would not have occupied but for that other's acts and declarations, the latter will be estopped to deny the consequences thereof.

**Bill to Set Aside a Trust Deed.**—Error to the Circuit Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 5, 1895.

NEWMAN & NORTHRUP, attorneys for plaintiff in error.

BATES & HARDING, attorneys for defendants in error.

Franklin v. McDonald.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The real defendant in error here is the Loan and Investment Company, of North America, which made a loan to McDonald upon a trust deed, in the nature of a mortgage, made to secure an indebtedness of $1,400. The company advanced to him $645 on the security, and he then ran away. The plaintiff in error conveyed the property to McDonald by warranty deed; and upon a policy of insurance to McDonald, upon a house on the property, which policy contained a mortgage clause, reading, "Loss, if any, payable to Lesser Franklin as his interest may appear," the plaintiff in error indorsed, "My interest in the within has ceased," with his signature.

The deed of trust, warranty deed and policy were all delivered to the company.

Franklin filed this bill to have the trust deed set aside upon the ground that McDonald never paid for the property, and had agreed that the proceeds of the loan should be paid to Franklin, by the company, of which agreement Franklin alleged that the company had notice before it advanced the $645 to McDonald.

The court, upon a variety of circumstances and conflicting testimony, found that the company had no notice of such an agreement, nor of any right of Franklin to the proceeds of the loan, and while giving relief to the extent of directing a reconveyance from McDonald to Franklin, yet directed that it should be subject to the trust deed, and dismissed the bill as to the company and the trustee in the deed of trust. To reverse that decree the plaintiff in error prosecutes this writ.

Without setting out at length the evidence, we hold that the conclusion upon it to which the Superior Court came as to notice to the company, was warranted by the evidence, and therefore the decree is affirmed.